IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEI-LE CHRISTENSON,

                Plaintiff,

v.

CITY OF MADISON, MADISON POLICE
DEPARTMENT, MUNICIPAL COURT OF
MADISON, JOHN/JANE DOE OFFICERS
DANE COUNTY JAIL STAFF, and DOES 1-10,

                Defendants.

OPINION and ORDER

25-cv-316-jdp

---

LEI-LE CHRISTENSON,

                Plaintiff,

v.

MERITER HOSPITAL, UW HEALTH - MERITER
and INVOLVED MEDICAL STAFF,

                Defendants.

OPINION and ORDER

25-cv-441-jdp

---

LEI-LE CHRISTENSON and CALEB RETELLE,

                Plaintiffs,

v.

WEXFORD RIDGE APARTMENTS and
WEXFORD MANAGEMENT, LLC,

                Defendants.

OPINION and ORDER

25-cv-445-jdp

---

Plaintiff Lei-Le Christenson, a Madison resident, filed the above-captioned lawsuits suing law enforcement officials, her medical providers, and her landlord. (Christenson is joined as a plaintiff by her husband Caleb Retelle in the lawsuit against their landlord, and it is clear from their filings that they seek to join all of these cases together and litigate them as co-

plaintiffs, along with cases that Retelle has previously brought in this court, so I will refer to them together as plaintiffs in this opinion.)

Plaintiffs submitted notices of removal in each case along with pleadings styled as civil rights complaints, but the only state-court cases that they actually seek to remove to this court are Christenson's criminal cases related to Case No. 25-cv-316-jdp.[1] This court dismissed all three of these cases after plaintiffs failed to comply with court orders directing them to submit the $405 filing fee for each case or a financial affidavit showing that they were entitled to proceed without prepayment of the filing fees, also known as "in forma pauperis" status. *E.g.* Dkt. 5 in the '316 case. Plaintiffs seek to reopen each case and consolidate them with Retelle's cases in this court, 25-cv-314-jdp and 25-cv-315-jdp, contending that they have properly moved for in forma pauperis status. Dkt. 10 in the '316 case.

I have already denied their similar requests in the '314 and '315 cases. *Retelle v. Dane Cnty. Fam. Ct.*, No. 25-cv-314-jdp, 2025 WL 3002167 (W.D. Wis. Oct. 27, 2025). Plaintiffs' current motions fail for the same key reason: plaintiffs did not fix the problem that led the court to close the cases—their failure to properly support their requests for in forma pauperis status. Plaintiffs' unsworn statements that they are indigent were insufficient. The court sent them documents on which they could detail their income and expenses to prove that they are indigent. *E.g.* Dkt. 5 in the '316 case. Plaintiffs did not return them.

These cases have been dismissed without plaintiffs owing the filing fees for them. They remain free to refile new complaints, but if they do so they must:

---

[1] *State v. Christenson*, Dane County Case No. 24CM1635, and *State v. Christenson*, Dane County Case No. 24CF2076.

- Follow the court's in forma pauperis procedures by submitting an affidavit of indigency already provided to them by the court or found on the court's website.

- File only a complaint as the operative pleading. They should not file notices of removal, even for Christenson's claims about her criminal prosecutions. As I stated in my order regarding Retelle's cases, there isn't any reason to think that Christenson has a basis to remove her criminal cases to this court.

- In their complaints, carefully consider whether they are naming proper defendants and omit defendants who did not personally cause or participate in a violation of their rights.

- Describe simply and concisely what actions they believe that each defendant took that violated their rights, using separate, numbered paragraphs. They must take care to allege what each defendant did, or failed to do, to violate his federal rights.

- Limit their allegations to one set of events.

- Follow the court's rules for filing documents. They may not file documents by fax or by email.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motions to reopen these cases, *e.g.* Dkt. 10 in Case No. 25-cv-316-jdp, are DENIED.

2. Plaintiffs' remaining motions in these cases are DENIED as moot.

Entered January 6, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge